# LEWIS *vs.* THE STATE.

[INDICTMENT AGAINST KEEPER OF PUBLIC BRIDGE, FOR TAKING ILLEGAL TOLL.]

1. *Sufficiency of indictment.*—In an indictment against the keeper of a public bridge, for exacting illegal toll, (Code, § 1199,) there must be an averment that the bridge was licensed by the commissioners' court of the county, and the prescribed rates of toll must be specified: an averment that the bridge "was *chartered* by the commissioners' court" of the county, and that the defendant, "being employed as the keeper of said bridge, did demand and collect from B. F. P. larger toll than is authorized by said charter," is not sufficient.

ERROR to the Circuit Court of Russell.
Tried before the Hon. ROBT. DOUGHERTY.

THE indictment in this case was found on the 16th November, 1866, and was as follows: "The grand jury of said county charge, that, before the finding of this indictment, Stephen D. Lewis, being employed as bridge-keeper of the Girard bridge, which bridge was chartered by the commissioners' court of said county, did demand and collect from Benjamin F. Piper larger toll than is authorized by said charter; against the peace," &c. The defendant demurred to the indictment; but the record does not show what grounds of demurrer, if any, were specified. The court

overruled the demurrer, and the defendant then pleaded not guilty; upon which plea issue was joined. The jury returned a verdict of guilty, and fined the defendant one cent; and the court rendered judgment accordingly. There is no bill of exceptions in the record, and the case is brought to this court by writ of error.

JOHN M. PHILIPS, for the plaintiff in error.

JNO. W. A. SANFORD, Attorney-General, *contra.*

JUDGE, J.—The court of county commissioners may, under section 1191 of the Code, grant licenses for the establishment of ferries, bridges, or causeways, within their respective counties, and may "fix the rates of toll and ferriage," on all ferries, bridges, or causeways thus established; and under the act of December 9, 1864, (Session Acts, p. 86,) the same court has authority, under certain restrictions in the act named, to regulate and fix the rate of toll on all toll-bridges and ferries in their respective counties, and to alter the same from time to time, when in the judgment of said court it shall be necessary and proper.

Section 1199 of the Code provides, that " any keeper of any public ferry, toll-bridge, or causeway, who demands or receives from any person a higher rate of toll *than is prescribed* by the court of county commissioners," is guilty of a misdemeanor. This section was evidently intended to apply to keepers of public ferries, toll-bridges, and causeways, *licensed by the court of county commissioners*, under authority of the statutory provisions above cited; and, doubtless, it was under this section of the Code that the indictment in the present case was found. The indictment charges that, before the finding thereof, "Stephen D. Lewis, being employed as bridge-keeper of the Girard bridge, which bridge was *chartered* by the commissioners' court of said county, did demand and collect larger toll from Benjamin F. Piper than is authorized by said charter."

Without stating with particularity all the requisites necessary to constitute a valid indictment in such a case, we point out several defects in the indictment before us, which show that the circuit court erred in overruling the defend-

ant's demurrer. The indictment, as we have seen, avers that the "Girard bridge was chartered" by the commissioners' court of Russell county. We are not aware of any statutory provision, authorizing the court of county commissioners to charter bridges; but it may *license* a person to establish a ferry, bridge, or causeway. If the bridge in question had been established pursuant to such a license, that fact should have been averred, together with the additional fact that the rates of toll had been prescribed by the court; and there should have been a distinct averment of the particular amount of toll demanded and received, and that the amount thus demanded and received, was a higher rate of toll for the particular transit, than was prescribed by the court of county commissioners.

There is no form of indictment given in the appendix to the Code, for such a case; but, if the defects we have named were supplied, the indictment would conform, substantially, to an analogous form prescribed by the Code, for use in the case of an indictment against a clerk of the circuit court, for receiving other or greater fees than are allowed by law for official services.—Appendix to Code, 706, form No. 64.

For the error of the court in overruling the demurrer to the indictment, the judgment must be reversed, and the cause remanded.