# Dodd v. The State.

*Hauling Logs on Public Roads Without License.*

(Decided June 8, 1911.  55 South. 1019.)

1. *Highways; Special Use.*—Section 7, Local Acts 1907, p. 115, does not create a criminal offense, but purports to give the effect of attaching criminality to violations thereof upon the making of proper orders by the court of county commissioners.

2. *Same.*—Under the order of the court made in pursuance of the statute in this case, the judgment of conviction was not supported by evidence showing merely that the defendant hauled logs or lumber over a public road in the county without license.

APPEAL from St. Clair Circuit Court.

Heard before Hon. J. E. BLACKWOOD.

Robert J. Dodd was convicted for hauling logs over a public road in St. Clair county without license, and he appeals. Reversed and remanded.

JOHN H. MILLER, and C. R. ROBINSON, for appellant. Section 7 of the Local Acts creates no offense in itself, and it becomes necessary for the court of county commissioners to make a proper order and unless an order or decree of said court is violated there is no offense; hence, it is submitted that the demurrers to the indict-

[Dodd v. The State.]

ment should have been sustained. It is insisted that the act is unconstitutional upon the authority of *Brown v. The State*, 115 Ala. 74; *Bell v. The State*, 115 Ala. 87; *Ex parte Gayle*, 108 Ala. 514; *Pope v. The State*, 106 Ala. 68; Sec. 62, Constitution 1901; *Crane v. The State*, 166 Ala. 1. It is further insisted that the evidence did not support the offense under the order of the court.

ROBERT C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. An averment of time was not necessary.—*McDowell v. The State*, 61 Ala. 172; *Dentler v. The State*, 112 Ala. 70. It was only necessary to aver that the road was a public road.—*Johnson v. The State*, 32 Ala. 583; *Knuckols v. The State*, 136 Ala. 108. The description of the offense was sufficient.—*Blach v. The State*, 66 Ala. 493. The act was not unconstitutional.—*Ballantyne v. Wickersham*, 75 Ala. 533; *Bell v. The State*, 114 Ala. 87; *Ex parte M. & A. of B'ham*, 116 Ala. 186. The Legislature has the power to delegate to municipal bodies the privilege of levying and collecting license taxes on trades or occupations.—*Mobile v. Yuille*, 3 Ala. 137; *Osborn v. Mobile*, 44 Ala. 493; *Goldthwaite v. City of Montgomery*, 50 Ala. 486; *City Council v. Knox*, 64 Ala. 463.

WALKER, P. J.—Section 7 of an act "to provide for the maintenance, improvement and protection of the public roads and bridges of St. Clair County," etc. (Local Acts 1907, pp. 111, 115), provides that "the court of county commissioners of St. Clair county shall have the power at any time from the passage of this act: * * * (2) To require persons operating sawmills in the county, when the logs or lumber or any portion thereof is hauled over the public roads of the county, or any specific portion thereof, to first secure a license from the

[Dodd v. The State.]

probate judge and to prescribe a price to be paid for the same. (3) To require persons hauling logs of whatever description over the public roads of said county, or any specified part thereof, to secure a license from the judge of probate and to prescribe a price to be paid for such license on each wagon or dray so engaged. * * * (5) Any person who violates any order or decree made by the court of county commissioners of said county under the provisions of this act shall be guilty of a misdemeanor, and on conviction must be fined not less than $10 nor more than $100," etc. The enactment of these provisions did not create a criminal offense. The statute purports to give the making of certain orders or decrees of the court of county commissioners the effect of attaching criminality to violations of such orders or decrees. It seems that an indictment for an offense so provided for should set out specifically the fact of the court of county commissioners making an order or decree requiring a license to do the act charged against the defendant as a crime; and that it is not made to appear that the act of the defendant in hauling lumber along or across a public road is within any prohibition of the law, when the indictment merely avers that such act was done "without first obtaining a license from the probate judge of said county for such purpose, in violation of an act of the General Assembly of Alabama, approved February 26, 1907, and of an order or decree of the court of county commissioners of said county, made and entered on or about January 5, 1909," without disclosing the purport or substance of such order or decree as to prescribed requirements in reference to licenses. A holding that an indictment which fails to state the fact of the happening of the event to which the statute undertook to give the effect of making criminal the act charged against the defendant is subject to

a demurrer pointing out this defect would be supported by pertinent authority.—*Lewis v. State,* 41 Ala. 414.

But, assuming the sufficiency of the indictment in the case at bar, yet the conviction under it cannot be sustained, as the evidence offered in support of it did not show anything for which a license had been pre-scribed. By the agreed statement of facts, it appears that the order or decree made by the court of county commissioners provided "that all persons or corpora-tions shall be and are hereby required to take out a li-cense for the privilege of running drays or wagons haul-ing logs and lumber and machinery over any of the pub-lic roads of St. Clair county at the following rates: Two horse, mule, or ox, wagon or dray, $5 per annum; four horse, mule, or ox, wagon or dray, $7.50; six horse, mule, or ox, wagon or dray, $10; eight horse, mule or ox wagon or dray, $15." From this it plainly appears that the requirement of a license applied only to per-sons or corporations "running drays or wagons hauling logs and lumber and machinery over any of the public roads of St. Clair county." The agreed statement of facts recites that "the defendant did haul logs or lum-ber over a public road in St. Clair county, Ala., in the Northern judicial division of said county, to wit, a pub-lic road leading from Ashville to Whiting; that said R. J. Dodd had no license from the probate judge of said county for said purpose." It was not made to ap-pear that the hauling done by the defendant was in the mode of involving a violation of the order or decree, when done without a license, as it was not shown that he ran a dray or wagon, or how he hauled logs or lum-ber along or across a public road. The general affirma-tive charge requested by the defendant should have been given, as the evidence did not support the charge made in the indictment.

[Perry v. The State.]

It is not necessary to consider other questions presented by the record.

Reversed and remanded.